# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**COREY B. PAGE (#345030)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**　　　　　　　　　　　　　　　　　　　　　20-335-JWD-RLB**

**JAMES LEBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 10, 2021.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**COREY B. PAGE (#345030)**                              **CIVIL ACTION**

**VERSUS**

                                            **20-335-JWD-RLB**

**JAMES LEBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motions to Dismiss filed on behalf of defendants Secretary James LeBlanc and Sheryl Ranatza (R. Docs. 19 and 22). The Motions are not opposed.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP") filed this proceeding against defendants James LeBlanc and Sheryl Ranatza complaining that his constitutional rights were violated due to denial of parole eligibility pursuant to Louisiana Revised Statute 15:574.4. He seeks monetary and injunctive relief.

Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's §

1983 claims asserted against the defendants in their official capacities for monetary damages are subject to dismissal.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges the following: In 2001 the plaintiff was convicted of ten counts of armed robbery, and one count of 2nd degree kidnapping for crimes committed in 1999 and 2000. Plaintiff was sentenced to 881 years imprisonment. (R. Doc. 1 at 8). The plaintiff has served 20 years and is 45 years old. Although those convicted of armed robbery are not generally eligible for parole, the plaintiff asserts that that he is eligible under Act 790 of 1990 (the "geriatric parole" provision or the "old timer's law.")

In the fall of 2018, when the plaintiff had served almost 19 years, he sought to have a parole consideration hearing date set. The plaintiff's request was denied on September 17, 2018. Plaintiff sought reconsideration which was denied on October 19, 2018. The plaintiff then filed a grievance on January 10, 2019, which was denied at the First Step on March 19, 2019 and at the Second Step on April 24, 2019. The Second Step response stated in part that the plaintiff's request for a parole eligibility hearing had been correctly denied in accordance with applicable law and orders of the Court. This decision was affirmed by the state district court on August 27, 2019. As of February 8, 2020, the plaintiff contends that he is eligible for a parole consideration hearing pursuant to Act 790, and that the Department Regulation (B-04-004.8.62) cited to deny him the same is constitutionally invalid.

In *Thomas v. LeBlanc* 2019 WL 5653200 (M.D. La. Oct. 31, 2019), the plaintiff was an individual arrested on February 9, 1997 for one count of armed robbery, for which he was sentenced to 50 years with credit for time served. The plaintiff's sentence was later amended to

30 years with credit for time served, and at the time the plaintiff filed his § 1983 action with this Court, he had served 21 years of his sentence and was 46 years old. For most of the time the plaintiff was incarcerated, his master prison record reflected a parole eligibility date of 2017. The plaintiff was brought before the Committee on Parole in 2016 and was informed that he was not eligible for parole until he served 85% of his sentence. The plaintiff in *Thomas*, as does the plaintiff herein, argued that he was eligible for parole pursuant to Act 790 (La. R.S. 15:574.4(A)(3) (1990). This Court found, in pertinent part, that, based on statutory construction, the conflicting but later enacted statute (La. R.S. 15:574.4.B (1995)) applied; therefore, the plaintiff had to serve at least 85% of his sentence before he would have a statutory right to parole consideration. *Id*. at 9-11.

Here, just as in *Thomas*, there is a right to parole consideration, but the plaintiff is not eligible for parole under Act 790 of 1990 (the "geriatric parole" provision or the "old timer's law."). He does not assert that he is eligible for any other reason and he has not alleged that he has served the amount of time statutorily required (85% of his sentence) to be considered for parole. As the plaintiff's arguments are entirely foreclosed by this Court's holding in *Thomas*, the Motions to Dismiss filed on behalf of James LeBlanc and Sheryl Renatza should be granted.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motions to Dismiss (R. Docs. 19 and 22) be granted and that this matter be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on March 10, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**